UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANTIAGO PEREZ,

    Petitioner,

v.

BARRY DAVIS,

    Respondent,
_____/

Civil No. 2:06-CV-11279
HONORABLE MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

    Santiago Perez, ("petitioner"), presently confined at the Newberry Correctional Facility in Newberry, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his convictions out of the Shiawasee County Circuit Court for first-degree murder, M.C.L.A. 750.316; and possession of a firearm during the commission of a felony, M.C.L. A. 750.227b.  For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed.

## I.  Background

    Petitioner was convicted of the above offenses following a jury trial. Petitioner's conviction was affirmed on appeal. *People v. Perez,* 247309 (Mich.Ct.App. July 29, 2004); *lv. den.* 472 Mich. 879; 693 N.W. 2d 820 (2005).

    Petitioner now seeks the issuance of a writ of habeas corpus on the following ground:

1

Petitioner's conviction violates his constitutional rights against unreasonable search and seizure and self-incrimination, where the trial court admitted a confession obtained by Illinois police after arresting him without probable cause.

## II.  Discussion

The petition for writ of habeas corpus must be dismissed because petitioner fails to state a claim upon which habeas relief can be granted.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001).  Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254.  No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Allen v. Perini,* 424 F. 2d 134, 141 (6th Cir. 1970).  After undertaking the review required by Rule 4, this Court concludes that petitioner's Fourth Amendment claim is non-cognizable on federal habeas review, such that the petition must be summarily denied. *See*

*Robinson v. Jackson,* 366 F. Supp. 2d 524, 525-28 (E.D. Mich. 2005).

Petitioner contends that his statement to the police should have been suppressed because it was the fruit of an illegal arrest. Prior to trial, petitioner moved to suppress his statement. Following an evidentiary hearing, the trial court denied the motion to suppress. The Michigan Court of Appeals upheld the trial court's decision on appeal. *People v. Perez,* Slip. Op. at * 1-2.

Petitioner's Fourth Amendment challenge to the admission of his statement to the police is non-cognizable on federal habeas review. A federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976); *Machacek v. Hofbauer*, 213 F. 3d 947, 952 (6th Cir. 2000). For such an opportunity to have existed, the state must have provided, in the abstract, a mechanism by which the petitioner could raise the claim, and presentation of the claim must not have been frustrated by a failure of that mechanism. *Riley v. Gray*, 674 F. 2d 522, 526 (6th Cir. 1982).

Therefore, on federal habeas review, a federal court cannot re-examine a petitioner's Fourth Amendment claim that post-arrest statements should have been suppressed as "poisonous fruit" of his illegal arrest, where the state provided an opportunity for full and fair litigation of the habeas petitioner's Fourth Amendment claim prior to trial. *See Walendzinski v. Renico,* 354 F. Supp. 2d 752,

759 (E.D. Mich. 2005); *See also Monroe v. Smith,* 197 F. Supp. 2d 753, 766 (E.D. Mich. 2001).  Petitioner is therefore unable to raise a Fourth Amendment claim that his confession was the product of an illegal arrest when he raised the factual basis for this claim in the state trial and appellate courts, and the state courts thoroughly analyzed the facts and applied the proper constitutional law in rejecting his claim. *Walendzinski,* 354 F. Supp. 2d at 759; *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 976 (E.D. Mich. 2004).

### III. Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d

900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. It would be a "rare case" in which a district judge issues a habeas petitioner a certificate of appealability to appeal after he or she dismisses a habeas petition without requiring an answer because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Dell,* 194 F. Supp. 2d at 659.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                   s/Marianne O. Battani_____
                                   **HON. MARIANNE O. BATTANI**
                                   UNITED STATES DISTRICT JUDGE

DATED: April 12, 2006